UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WARREN JAMES SOILEAU, JR. | * | CIVIL ACTION NO. 12-430 |
| Plaintiff | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | |
| | * | MAGISTRATE: 4 |
| AC MARINE, INC., ET AL. | * | MAG. KAREN WELLS ROBY |
| | * | |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER AND REASONS

The matter before the Court is a Motion for Spoliation Sanctions filed by Plaintiff, Warren

J. Soileau.  (Doc. 19.)  For the following reasons the Motion is DENIED.

BACKGROUND

On March 1, 2011 Plaintiff Warren Soileau Jr. ("Soileau") was working aboard the M/V Travis

Henry, a vessel owned and operated by Soileau's employer, AC Marine, Inc. ("AC Marine").  On this

date Soileau and his co-worker encountered rough waters while navigating the Dog Keys Pass in Mississippi.  After making the decision to return to safer waters, Soileau checked the vessel's engine room to ensure that the engine was working properly and that the vessel had not taken on water while in the rough seas.  After checking the engine room, Soileau began climbing the stairs leading to the deck of the vessel.  While Soileau was climbing upwards, the hook securing the hatch that led to the engine room failed and caused the hatch to fall on Soileau's head.  Soileau allegedly sustained injuries to his head and neck.  Soileau subsequently filed suit in February, 2012.

Plaintiff filed the instant Motion on January 2, 2013.  (Doc. 19.)  Defendants opposed the Motion (Doc. 23) and Plaintiff filed a Reply (Doc. 30).  The Court took the Motion under submission on January 30, 2013.


## LAW AND ANALYSIS

The spoliation of evidence doctrine concerns the intentional destruction of evidence. *Lafayette Ins. Co. v. CMA Dishmachines*, No. Civ.A. 03–1098, 2005 WL 1038495, at *3 (E.D.La. Apr. 26, 2005). If a party intentionally destroys evidence, the trial court may impose sanctions on the responsible party. *Savarese v. Pearl River Navigation*, No. 09–129, 2010 WL 1817758, at *2 (E.D.La. Apr. 30, 2010). Such sanctions may include an instruction to the jury that the evidence was spoiled because it was unfavorable to the spoiling party's case, exclusion of the spoiled evidence, or dismissal of the entire case. *Lafayette*, 2005 WL 1038495 at *3. Exclusion of evidence, much less

dismissal of the case, "is a 'drastic sanction' that courts generally try to avoid." *Id.* The preferred alternative is an adverse inference in favor of the non-spoiling party. *Savarese*, 2010 WL 1817758 at *3. The decision to admit evidence of spoliation and to instruct the jury on adverse inferences is within this Court's sound discretion. *United States v. Wise*, 221 F.3d 140, 156 (5th Cir.2000).

In the Fifth Circuit, a spoliation claim has three elements. First, the spoiling party must have controlled the evidence and been under an obligation to preserve it at the time of destruction. *Menges v. Cliffs Drilling Co.*, No. Civ.A. 99–2159, 2000 WL 765082, at *2 (E.D.La. June 12, 2000). Such a duty arises when a party knows or should have known that the spoiled evidence was relevant to current or future litigation. *Hunt v. Marquette Transp. Co. Gulf–Inland, LLC.*, No. 09–6055, 2011 WL 3924926, at *2 (E.D.La. Aug. 5, 2011). Second, the evidence must have been intentionally destroyed. *Lafayette*, 2005 WL 1038495 at *3. Negligent destruction of evidence is not enough. *Vick v. Texas Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir.1975). Third, the moving party must show that the spoiling party acted in bad faith. *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir.2005) (citing *King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir.2003)); *Wise*, 221 F.3d at 156. The burden of proving bad faith lies with the moving party. *Lafayette*, 2005 WL 1038495, at *4 (citing *King*, 337 F.3d at 556).

The finding of bad faith is fact intensive. The record before the Court is insufficient for such a finding. Accordingly, this matter is denied without prejudice at this juncture and may be re-urged at the time of trial.

**CONCLUSION**

For the foregoing reasons, the Motion for Spoliation Sanctions filed by Plaintiff, Warren J. Soileau (Doc. 19)  is DENIED WITHOUT PREJUDICE.  Plaintiff may urge the issue of this Motion at the time of trial.


New Orleans, Louisiana on this 1st day of August, 2013.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**

-4-